William Cooper, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 5, 1979, before Judges ROGERS, DiSALLE and MACPHAIL, sitting as a panel of three.

*Michael J. Campbell*, with him *Dana M. Breslin*, for petitioner.

*Edward P. Carey*, Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 17, 1979:

William Cooper (Appellant) brings this appeal from an order of the Department of Public Welfare (DPW) affirming the decision of the Delaware County Board of Assistance denying Appellant's application for Emergency Fuel Assistance (EFA). The only issue Appellant raises for our consideration is whether DPW gave sufficient priority to the elderly in disbursing EFA funds as mandated by the Community Services Administration (CSA) pursuant to the Economic Opportunity Act of 1964, 42 U.S.C. §2809(a) (12). For the reasons which follow, we affirm.

In 1977, $200 million in Special Crisis Intervention Program funds became available to relieve the burden of energy cost on the poor or near-poor. Priority in dispensing funds was to be given to "eligible elderly persons (age 65 and over)." 42 Fed. Reg. 33240. Federal regulations provided a two pronged test of

eligibility for EFA funds: income eligibility and program eligibility. *Id.* at 33247. We are concerned, here, only with the former. Only households with income *no higher than* 125% of the CSA poverty guideline could be assisted. In the case of a one person household (Appellant's situation), the maximum federal eligibility level was $3,713. *Id.* at 33247. Federal regulations also make clear, however, that the governor of any state could reduce the income eligibility ceilings because of limitations on available funds.

Pennsylvania did choose to lower the income eligibility ceilings. 7 Pa. Bull. 2139. The Commonwealth's income ceiling for a one person household was $3,000 per annum. It is undisputed that Appellant's income for the year in question was $3,414. Clearly, Appellant's income exceeded the Commonwealth's ceiling notwithstanding the fact that it was less than the maximum federal income eligibility figure of $3,713 per annum.

We hold that DPW's income ceiling was authorized by the Federal law and that Appellant's income level rendered him ineligible for EFA benefits.

Concerning Appellant's contention that DPW failed to give sufficient priority to the elderly, we note initially that the DPW regulations clearly recognized the federally mandated priority of funds for all *eligible* elderly persons. Since Appellant here was *not* eligible, he was not entitled to priority under the DPW regulations notwithstanding the fact that he is an elderly person. Appellant then attacks the DPW regulations arguing that even though they satisfy Federal law as to uniformity and income limits, they do not give priority to the elderly as a matter of fact. While the argument is not totally without merit, we must observe that the primary purpose of the funds was to relieve the burden of energy costs on the *poor*. The Pennsylvania regulations state that lower eligi-

bility criteria were adopted because funds were limited and because the Commonwealth intended to help its most needy people to the maximum extent possible. 7 Pa. Bull. 2139. Under the Federal law a second priority was mandated for the benefit of the elderly who were poor. Thus, if a person was poor but not elderly, he would qualify for benefits. However, if a person was poor *and* elderly, he would receive priority over those who were poor but not elderly. The Pennsylvania regulation complies in every respect with both the purpose and the eligibility requirements for those who were seeking EFA benefits.

As we have said, the Appellant failed to meet the income eligibility requirement and is therefore not entitled to priority by reason of his age. Had he met the basic income test, then he would have been entitled to priority as mandated by Federal law and as set forth in the Pennsylvania regulations.

Order affirmed.

ORDER

AND Now, this 17th day of April, 1979, the order of the Department of Public Welfare dated September 28, 1977, is affirmed.